Marina Lang, Cal. Bar No. 251,087 mlang@socalip.com
Michael D. Harris, Cal. Bar No. 59,470 mharris@socalip.com
Christopher Dugger, Cal. Bar No. 239,427 cdugger@socalip.com
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Flated LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Flated LLC,<br>　　Plaintiff,<br>　　v.<br>I3 Enterprises, Inc. (California corporation) and Meyer Distributing, Inc. (Indiana corporation),<br>　　Defendants. | No. 2:25-cv-4257<br><br>Complaint for Damages, Injunction and Equitable Relief for Infringement of United States Patent No. 12,077,977.<br><br>Jury Trial Demanded |

Plaintiff Flated LLC for its complaint against defendants I3 Enterprises, Inc. and Meyer Distributing, Inc., alleges:

**A.  FIRST CLAIM FOR RELIEF: PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 12,077,977**

**a) Parties**

1.　Plaintiff Flated LLC is a corporation duly organized and existing under the laws of the State of California and has its principal place of business in San Marcos, California, in San Diego County.

2.　Defendant I3 Enterprises, Inc. is a California corporation that does business as Armodillo USA. I3 has a regular and established place of business at 21912 Garcia Lane, City of Industry, California, in Los Angeles County.

3. Defendant Meyer Distributing, Inc. is an Indiana corporation with a regular and established place of business at 2821 E. Philadelphia Street, Ontario, California, in San Bernardino County.

### b) Subject Matter Jurisdiction

4. This is an action against the defendants under the United States patent laws, 35 U.S.C. § 1 *et seq*. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action arising under the patent laws.

### c) Personal Jurisdiction and Venue

5. This Court has general personal jurisdiction over both defendants because defendant I3 is a California corporation and has a regular and established place of business in this state.

6. This Court also has general personal jurisdiction over defendant Meyer because it has a regular and established place of business in California.

7. Venue is proper over I3 under 28 U.S.C. § 1391 because it resides in Los Angeles County in this district, and venue also is proper under 28 U.S.C. § 1400.

8. Venue is proper over Meyer under 28 U.S.C. § 1400(b) because it committed acts of infringement and has a regular and established place of business in San Bernardino County in the district.

## B. GENERAL ALLEGATIONS

### a) Plaintiff Flated's Business and the technology of its Patent No. 12,077,977

9. Flated owns United States Patent No. 12,077,977 ('977 patent), "Inflatable Vehicle Accessories" through an assignment from inventors Daniel Watts, Kenneth Tenhoeve, and Ryan Guay. The '977 patent issued September 3, 2024. Exhibit 1 is a copy of the '977 patent.

10. Truck shells are generally rigid vehicle attachments that rest above a truck bed. The part above the truck bed may include flaps of canvas or similar materials to cover window-like openings to ventilate the truck shell's interior. At least one opening may be large enough to act as a door for users to enter and exit the housing. The flaps may be closed or fully or partially opened with a zipper, Velcro®, magnets, or other fasteners.

11. The housing must be large enough to hold people comfortably, but their large size can also create mounting and storage issues. Instead of having rigid plastic, fiberglass, or metal walls, which can be heavy and cumbersome, Flated's patented truck shells use drop-stitch, inflatable walls. Drop-stitch material lets manual or electric pumps inflate Flated's devices at high pressure so they can hold their forms and shapes. Tape on the edges of the drop-stitch material makes the walls airtight at high pressures.

12. A person can deflate the truck shell after using it through a high-pressure valve. When deflated, it can be rolled or folded.

13. I3's Armodillo business makes, uses, offers to sell, or sells within the United States or imports into the United States the patented invention described and claimed in the '977 patent.

14. I3 calls its inflatable truck shells Coverex Toppers, and Meyer is a distributor of those truck shells. The Coverex Toppers are the accused products that infringe at least one claim of the Flated's '977 patent.

15. The drawing below shows defendants' Coverex Topper, and the chart below the drawing compares elements of claim 1 of the '977 patent with structure in I3's Coverex Toppers. The numbers in the righthand column correspond to the circled numbers in the drawing.



| '977 Patent Claim Language | I3's Coverex Topper Structure |
|---|---|
| An inflatable truck shell device for mounting to a truck bed, comprising: | I3 advertises it truck shell as "inflatable." |
| a front wall having two sides, | Front wall 4 has two sides |
| a sidewall attached to each of the two sides to form a first space, | Sidewalls 1 attach to the two sides of the front wall to form a first space. |
| each sidewall having a rear end, | Rear window 3 attaches to the rear end of each sidewall. |
| and a shell top extending over the first space to the rear ends; | Top also 1 extends over the first space to the rear ends of the sidewalls. |
| an open rear between the rear end of each sidewall; | The space between the rear ends of the side walls is an open rear. |

| '977 Patent Claim Language | I3's Coverex Topper Structure |
|---|---|
| at least one fastener on each sidewall for attaching the sidewalls to a truck; | Side fixing rails 6 on each sidewall attach the sidewalls to a truck. |
| wherein the front wall and sidewalls are each formed of drop-stitch material; and | I3 would use dropstitch fabric because of its use on inflatable products. Dropstitch fabric withstands high air pressure without stretching or deforming. |
| wherein the first space has an open bottom for exposing the first space to the truck bed of the truck. | The drawing shows an open bottom. |

16. Defendants' Coverex Toppers are the accused products that infringe at least one claim of the Flated's '977 patent under 35 U.S.C. § 271(a).

17. Meyer is a distributor of those Coverex Toppers truck shells.

18. I3 and Meyer's infringement of the '977 Patent has injured Flated, and Flated is entitled to recover damages adequate to compensate it for I3 and Meyer's infringement, which in no event can be less than a reasonable royalty.

19. I3 and Meyer received actual notice of the '977 Patent as early as June 26, 2024, but continued to make, use, offer for sale, and sell the accused products. Accordingly, I3 and Meyer's infringement is willful. Their infringement was willful because I3 and Meyer made, used, offered for sale, or sold, and continued to do those acts despite having an objectively high likelihood that their actions were infringement of a valid '977 Patent. I3 and Meyer also knew or should have known of this risk when they infringed the '977 Patent.

20. Because of I3 and Meyer's willful infringement, Flated is entitled to treble damages from I3 and Meyer under 35 U.S.C. § 284.

21. I3 and Meyer's infringement of the '977 Patent makes this case exceptional and entitles Flated to recover from I3 and Meyer reasonable attorney fees under 35 U.S.C. § 285.

### REQUEST FOR RELIEF

Flated respectfully requests that this Court enter judgment for:

22. Final judgment in favor of Flated and against all defendants, jointly and severally, on all claims for relief.

23. Judgment that I3 and Meyer infringe the '977 Patent.

24. I3 and Meyer's infringement of the '977 Patent has been willful.

25. Entry of a permanent injunction against further infringement of the '977 Patent by I3 and Meyer.

26. An award of damages adequate to compensate Flated for I3 and Meyer's infringement of the '977 Patent, including pre-judgment interest and costs.

27. An award of all other damages permitted by 35 U.S.C. § 284.

28. A determination that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Flated its reasonable attorney fees.

29. Costs.

30. Pre-judgment and post-judgement interest as allowed by law. and

31. Such other relief as this Court deems just and proper.

May 12, 2025

/s/ Marina Lang
Marina Lang
SOCAL IP LAW GROUP LLP

Attorney for Plaintiff Flated LLC

## C. DEMAND FOR JURY TRIAL

Flated respectfully requests trial by jury under FED. R. CIV. P. 38(b) on all issues this complaint raises.

May 12, 2025

/s/ Marina Lang
Marina Lang
SOCAL IP LAW GROUP LLP

Attorney for Plaintiff Flated LLC